ORIGINAL

FILED
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

2009 FEB -5 AM 9:30

CLERK L. Glanders
SO. DIST. OF GA.

| | | |
|---|---|---|
| **MATTHEW NORTON,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **CASE NO.:** CV 309-014 |
| **BEST BUY STORES, LP,** | : | |
| **Defendant.** | : | |

## COMPLAINT

COMES NOW the Plaintiff, Matthew Norton, and files this Complaint against Best Buy Stores, LP and shows the Court the following:

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, to correct unlawful discriminatory employment practices on the basis of race, and to provide appropriate relief to Matthew Norton who was adversely affected by such practices. The Plaintiff alleges that Defendant, Best Buy Stores, LP, discriminated against Plaintiff based on his race by terminating his employment with Defendant on the basis of his race and for no other reason.

### JURISDICTION AND VENUE

1.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, and 1343. This action is authorized pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) et seq. ("Title VII).

2.

The employment practices alleged to be unlawful were committed within the jurisdiction and venue of the United States for the Southern District of Georgia, Dublin Division.

3.

Plaintiff has fulfilled all conditions precedent to the institution of this action. The Plaintiff timely filed his Equal Employment Opportunity Commission (EEOC) charge of discrimination within 180 days of his discharge. Plaintiff timely filed his suit within 90 days of his receipt of the right to sue letter from the EEOC which is dated November 7, 2008.

**PARTIES**

4.

Plaintiff is a white male and citizen of the United States and resident of Laurens County, Georgia. Plaintiff was employed by Defendant at its Dublin, Georgia distribution center at all times relevant hereto.

5.

At all relevant times hereto, Defendant has continuously been a Minnesota Corporation doing business in Laurens County, Georgia and has continuously maintained at least 140,000 employees nationwide and at least 200 employees at its Dublin, Georgia distribution center.

6.

Defendant is the former employer of Plaintiff and is subject to suit pursuant to 42 U.S.C. § 2000(e) et seq. (Title VII) and 42 U.S.C. § 1981.

**COUNT ONE**

**7.**

Plaintiff adopts and incorporates each and every material allegation contained in paragraphs 1-6 above as if fully set forth herein.

**8.**

As of February 26, 2007, Plaintiff had been employed by the Defendant since July 23, 2001. Plaintiff held numerous responsible positions during his employment.

**9.**

In March of 2006, Lonnie Humphrey, an African American supervisor, informed Plaintiff and others during a supervisory staff meeting that the race ratio of the management team did not reflect the race ratio of the warehouse workers and that Best Buy would take steps to correct this ratio.

**10.**

Plaintiff informed his direct supervisor, Acisia Preschuck, that he felt his job was in jeopardy because he was a white male.

**11.**

Within months following the meeting in March of 2006, Plaintiff, along with several other white males, were terminated from employment with Defendant and replaced with African American males. Plaintiff Matthew Norton was terminated on February 26, 2007.

**12.**

At the time of his termination, Plaintiff Matthew Norton's annual earnings were approximately $44,000.00.

13.

Plaintiff shows that Defendant's articulated reasons for his discharge are pretextual and that his race was the motivating factor in Defendant's decision to terminate his employment.

14.

As a direct and proximate result of Defendant's actions, Plaintiff has suffered retaliation for having opposed the unlawful actions of Defendant.

15.

Defendant discriminated against Plaintiff on the basis of race in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000(e) et seq. As a direct and proximate result of the aforementioned conduct of Defendant, Plaintiff has suffered economic loss, embarrassment, humiliation, mental distress, emotional pain, and mental anguish.

16.

Plaintiff has no plain, adequate or complete remedy at law to address the wrongs alleged herein. This suit for back-pay (plus interest), front pay, injunctive relief, declaratory judgment, and other damages is his only means of securing adequate relief. As a direct and proximate result of Defendant's actions, Plaintiff is now suffering and will continue to suffer irreparable damage from Defendant's unlawful policies and practices unless enjoined by this court.

17.

Defendant engaged in the discriminatory practices complained of with malice and/or reckless indifference to Plaintiff's federally protected rights, thereby entitling Plaintiff to punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court assume jurisdiction of this action and provide appropriate relief as follows:

**A.** Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendant are in violation of Title VII which prohibits employers from discriminating on the basis of race;

**B.** Grant Plaintiff a permanent injunction that enjoins Defendant, its agents, employees, and those acting in concert with said Defendant from continuing to violate said statutes;

**C.** Enter an Order requiring Defendant to make the Plaintiff whole by awarding Plaintiff back pay (plus interest), compensatory and punitive damages, and front pay;

**D.** That the Plaintiff have a trial by jury as to all factual issues; and

**E.** Plaintiff further prays for such other relief and further relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses incurred in this litigation.

Respectfully submitted this 4th day of February, 2009.

Thomas F. Richardson
Georgia Bar No. 604325
Attorney for Plaintiff Matthew Norton

CHAMBLESS, HIGDON, RICHARDSON,
KATZ & GRIGGS, LLP
P.O. Box 246
577 Mulberry Street, Ste. 200
Macon, Georgia 31202-0246
Telephone (478) 745-1181
Email: trichardson@chrkglaw.com